UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| IN RE: | ) | |
| | ) | |
| JASON COREY ALLEN, | ) | Case No. 21-14284-MER |
| KELLI KAY ALLEN, | ) | Chapter 13 |
| | ) | |
| DEBTORS. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| JASON COREY ALLEN, | ) | Adversary No. 21-01____-MER |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ZIP CO US INC., fka QUADPAY INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

COMES NOW, Jason Corey Allen, (hereinafter "Plaintiff" or "Debtor"), by and through his attorney Andrew S. Trexler, who hereby submits this Complaint pursuant to 11 U.S.C. §§362 and 105 and in support thereof represents to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(b), and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. This is an action pursuant to 11 U.S.C. §§ 362(k) and 105 for an order for willful violations of the automatic stay, and to determine the amount of damages, including attorneys fees and costs resulting therefrom.

### GENERAL ALLEGATIONS

3. That Plaintiff and his spouse filed a petition for Chapter 13 bankruptcy relief, Case No. 21-14284-MER on August 18, 2021. Their plan was confirmed November 3, 2021, revesting all estate property to the debtors, and their case is currently pending before this Court.

4. That Defendant Zip Co US Inc. (hereinafter "Defendant") is a creditor included in Plaintiff's bankruptcy under the name "Quadpay", which it was previously known by. *See* Statement of Change Changing True Name *filed with* Colorado Secretary of State 07/29/2021, doc. no. 20211702376. Defendant's principal office street address is 27 West 24th Street,, 2nd Floor, New York, NY 10010. Its mailing address as shown on its website under its "Contact Us" page (www.zip.co/us/contact-us) is 228 Park Ave S, PMB 59872, New York, NY 10003, which is the address listed by Plaintiff in his bankruptcy schedules and mailing matrix.

5. That Defendant received notice by 1st Class mail of Plaintiff's bankruptcy case, sent by the Bankruptcy Noticing Center to Defendant's mailing address listed above, on or around August 21, 2021 (docket no. 9).

6. That Defendant received notice by 1st Class mail of the Court's order confirming Plaintiff's chapter 13 plan, sent by the Bankruptcy Noticing Center to the aforementioned address, on or around November 5, 2021 (docket no. 21).

7. That Defendant attempted to debit Plaintiff's USAA checking account several times on or around August 20, 2021. Defendant was ultimately unsuccessful because Plaintiff had requested his bank place a temporary "fraud hold" on purchase authorizations.

8. That Defendant successfully debited $39.76 from Plaintiff's checking account on or around September 24, 2021 in partial satisfaction of its pre-petition claim, and while such account was property of Plaintiff's bankruptcy estate.

9. That Plaintiff contacted Defendant by e-mail to support@quadpay.com that same day, providing Defendant with his bankruptcy case number, attorney's contact information, and request for refund.

10. That Defendant contacted Plaintiff by e-mail on or around September 25, 2021 demanding payment on its stayed debt, stating it was 60 days late, and that the debt would be passed onto a debt collection agency.

11. That Defendant again contacted Plaintiff by e-mail September 28, 2021, acknowledging Plaintiff's 9/25/21 correspondence, but not acknowledging any mistake or offering to refund any money. This correspondence appears to have been automatically generated and not typed out by a human reviewing the request.

12. That Defendant has done nothing to acknowledge the stay in effect in Plaintiff's bankruptcy case, nor to refund amounts improperly debited from Plaintiff's account.

13. That Defendant again contacted Plaintiff by e-mail on or around October 25, 2021, demanding payment on its stayed debt and again threatening to turn over the account to collections.

14. That Plaintiff suffers from anxiety, and that Plaintiff's anxiety and associated symptoms have been exacerbated by the stress caused by Defendant's repeated contacts and unlawful conversion of his funds in violation of the automatic stay.

15. That the experience of receiving these contacts and losing these funds has left the plaintiff feeling extremely irritated, since Defendant is apparently ignoring the protections afforded to him in bankruptcy, and collecting money outside the bankruptcy process and in violation of law.

16. That Plaintiff is concerned Defendant will improperly report this stayed debt to the credit reporting bureaus as past-due, which could affect his job security, or that it will again debit funds from his bank account, since it has never acknowledged the first debit was improper no returned his funds. This unnecessary stress has left Plaintiff feeling worried about his financial and job stability.

17. That Plaintiff has expended time and money contacting Defendant to try to rectify Defendant's serious legal errors without resorting to litigation, as well as working with his attorney after determining he could not resolve these violations and obtain the relief to which he is entitled without commencing this proceeding against Defendant.

18. That Defendant's reckless disregard of the automatic stay has caused Plaintiff, in addition to the damages described above, severe anxiety and emotional distress and has effectively kept him from realizing the benefits of the automatic stay in his case.

19. That Defendant recklessly disregarded court orders to cease collecting the stayed debt, and recklessly disregarded Plaintiff's federally protected rights.

20. That Defendant is a sophisticated creditor who deals with thousands of consumers and who is required to process many bankruptcy notices each year.

21. That Defendant has significant resources to pay an award of punitive damages.

22. That Plaintiff has done nothing to provoke Defendant into taking these actions.

23. That Defendant's motivation in recklessly disregarding Plaintiff's federally protected rights was the collection of as much money as possible directly from the plaintiff in spite of the existence of the automatic stay protecting him from further debt collection or harassment.

**CLAIM FOR RELIEF – WILLFUL VIOLATION OF THE AUTOMATIC STAY**

24. Plaintiff incorporates and re-alleges the allegations set forth in Paragraphs 1 – 23 of this complaint as if fully reiterated herein.

25. Pursuant to 11 U.S.C. §362(a), the filing of Plaintiff's bankruptcy petition filed August 18, 2021 operated as a stay, applicable to Defendant.

26. Section 362 of the Bankruptcy Code provides as follows:

(a) except as provided in subsection (b) of this section, a petition filed under

> § 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of-
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; and
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;...

27. Pursuant to 11 U.S.C. § 362(k)(1):

> …an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages.

28. Plaintiff requests this Court enter judgment in his favor and against Defendant for its acts, which are willful violations of the automatic stay pursuant to 11 U.S.C. § 362.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant as follows:

a. for willful violation of the automatic stay (11 U.S.C. §362);

b. for actual and punitive damages pursuant to 11 U.S.C. §362(k)(1);

c. for actual and punitive damages and sanctions pursuant to 11 U.S.C. §§ 105;

d. for an award as damages of reasonable attorney's fees and costs incurred to remedy the automatic stay violations and pursuant to 11 U.S.C. § 362(k)(1); and

e. for such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 17th day of December, 2021.

/s/ Andrew S. Trexler
Andrew S. Trexler, #39089
7887 E. Belleview Ave., Suite 1100
Englewood, CO 80111
Ph.(303) 228-2257
Fax (303) 228-2297
astrexlercourts@gmail.com
Attorney for Plaintiff